UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | Case No.: 5:11-CV-01163-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION FOR |
| ) | DEFAULT JUDGMENT |
| v. ) | |
| ) | (re: dkt # 10) |
| KIM HUNG HO, individually and d/b/a THOA ) | |
| CAFE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Clerk of the Court entered default against Defendant Kim Hung Ho, doing business as Thoa Café ("Defendant" or "Thoa Café") on July 21, 2011, after Defendant failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. *See* ECF No. 12. Before the Court is Plaintiff J&J Sports Productions, Inc.'s motion for default judgment. *See* ECF No. 15. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

I. **BACKGROUND**

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the closed-circuit program "'The Event': The Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program" ("Program"),

1

telecast nationwide on March 13, 2010. *See* Compl. ¶ 9. Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendants at their commercial establishment, Thoa Cafe, located in San Jose, California. *Id.* at ¶ 12. On March 3, 2011, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code §17200. In the pending motion for default judgment, however, Plaintiff seeks damages only under § 605 and for conversion.

## II.     DISCUSSION

Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. § 605(e)(3)(C)(ii). With respect to its conversion claim, Plaintiff seeks $2,000.00, the licensing fee Defendant would have been required to pay had he ordered the Program from Plaintiff. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true, except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in this district), the Court shall proceed to review Plaintiff's motion for default judgment.

### A.  Statutory Damages under Section 605(e)(3)(C)(i)(II)

Section 605(e)(3)(C)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of § 605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $2,000.00, based on Thoa Cafe's 200-person capacity. *See* Supp. Aff. of Joseph M. Gagliardi ¶ 8 & Ex. 2, ECF No. 15-5. Alternatively, as to Defendant's potential profit, Plaintiff submits evidence that three separate head counts, at various times, revealed that the total number of patrons was 125, 125, and 115, and that there was no cover charge. *See* Aff. of Gary

2

Gravelyn, ECF No. 15-3. As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license.

Accordingly, the Court finds that Plaintiff is entitled to $2,000.00 in statutory damages.

### B. Enhanced Damages under Section 605(e)(3)(C)(ii)

47 U.S.C. § 605(e)(3)(C)(ii) authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Here, although there is no evidence that Defendant advertised the fight, charged a cover charge, or had a minimum purchase requirement, Plaintiff has presented evidence that Defendant had thirteen forty-inch LCD televisions in its commercial establishment and was displaying the Program on at least some, if not all, of them, while there were between 115 and 125 patrons present. *See* Gravelyn Aff. at 1. Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus Defendant "must have committed wrongful acts in order to intercept, receive, and broadcast the Program." Mot. at 11. Courts have found similar facts sufficient to support a finding of willful violation for commercial advantage and financial gain, and have accordingly awarded enhanced damages on such grounds. *See, e.g.*, *Joe Hand Promotions, Inc. v. Meola*, No. 10-4781, 2011 WL 2111802, at *5 (N.D. Cal. Apr. 22, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 50 patrons were present and no cover change was imposed); *J&J Sports Prods., Inc. v. Mosley*, No. 10-5126, 2011 WL 2066713, at *5 (N.D. Cal. Apr. 13, 2011) (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced damages under Section 553, where 17 patrons were present and no cover charge was incurred); *Joe Hand Promotions Inc. v. Piacente*, No. 10-3429, 2011 WL 2111467, at *6 (N.D. Cal. Apr. 11, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 25 patrons were present and no cover change was imposed); *J&J Sports Prods. v. Ho*, 10-01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) (awarding $1,600 in statutory damages based on plaintiff's actual losses plus $10,000 in enhanced damages under Section 605, where 68 patrons were present and no cover charge was

3

imposed); *Garden City Boxing Club, Inc. v. Lan Thu Tran*, No. 05-05017, 2006 WL 2691431, at *1-2 (N.D. Cal. Sept. 20, 2006) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under section 605, where 40 patrons were present and a $10 cover charge was imposed).

While numerous courts in the Northern District have awarded enhanced damages of $5,000 or less where the case involved a limited number of patrons and no cover charge, here, Plaintiff has presented evidence of a considerably larger number of televisions and of patrons. Furthermore, Plaintiff has presented evidence that Defendant is a repeat offender, which is another factor justifying the award of enhanced damages. In fact, this Court has previously awarded enhanced damages of $10,000 against this Defendant in a default judgment order based on evidence that three other actions had been brought against Defendant for similar violations. *See J&J Sports Prods., Inc. v. Kim Hung Ho*, 10-CV-01883-LHK, 2010 WL 3912179 (N.D. Cal. Oct. 5, 2010). Likewise here, Plaintiff has submitted evidence of the Court's October 5, 2010 default judgment order against Defendant, as well as of two other pending actions brought by Plaintiff against Defendant, one of which is awaiting ruling on a motion for default judgment. *See* Supp. Decl. of Thomas Riley ¶¶ 4-5 & Exs. 1-3, ECF No. 15-4.

In light of Defendant's status as a repeat offender, the Court finds that a heightened enhanced award is justified. Nevertheless, the Court does not agree with Plaintiff that the maximum damages award of $100,000 is warranted, because the unlawful conduct that forms the basis for the instant Complaint did not occur until after issuance of the Court's October 5, 2010 default judgment order. *See* Compl. ¶ 9 (Program was telecast on March 13, 2010). Defendant thus was not on notice of the October 5, 2010 $10,000 enhanced damages award at the time of the operative conduct at issue here. However, this appears to be at least the fourth judgment against Defendant for violation of 47 U.S.C. § 605. *See G&G Closed Circuit Events, LLC v. Ho*, No. 10-cv-05716-EJD, 2011 WL 6217598 (N.D. Cal. Dec. 14, 2011); *J&J Sports Prods., Inc. v. Ho*, No. 10-cv-01883-LHK, 2010 WL 3912179 (N.D. Cal. Oct. 5, 2010); *Joe Hand Promotions, Inc. v. Ho*,

...

C-09-01435-RMW, 2009 WL 3047231 (N.D. Cal. Sept. 18, 2009).[1] Defendant's repeated violations evidence a willfulness that warrants a greater enhanced damages award. Accordingly, the Court finds an enhanced damages award of $12,000 reasonable under the circumstances.

### C. Damages for Conversion

Plaintiff also seeks $2,000 in damages for conversion under California Civil Code §3336. The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Plaintiff to damages. Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendants' unlawful interception, and damages. *See* Compl. ¶¶ 23-26. Damages for conversion are based on the value of the property at the time of conversion. *See Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). As noted above, the commercial license would have cost Defendants $2,000.00, and thus Plaintiff's request is appropriate.

Accordingly, Plaintiff is entitled to $2,000.00 in damages for conversion.

### D. Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment. Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs within 30 days of the date of this Order.

## III. CONCLUSION

---

[1] Defendant Kim Hung Ho is also known as Kim Thuy Ho. *See J&J Sports Prods., Inc. v. Ho*, 2010 WL 3912179, at *1. Default judgment in all of these cases is entered against either Kim Hung Ho d/b/a Thoa Café or Kim Thuy Ho d/b/a Thoa Café. In another case, it is unclear whether default judgment was intended to be entered against Kim Thuy Ho or Kim Thuy Vo, and thus the Court does not count that case towards Defendant's repeat offender history. *See Garden City Boxing Club, Inc. v. Nghia T. Nguyen and Kim Thuy Ho*, No. 06-cv-05637-RMW (N.D. Cal. Aug. 9, 2007).

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff J&J Sports Productions, Inc. and against Defendant Kim Hung Ho d/b/a Thoa Cafe. Plaintiff shall recover $16,000.00 in total damages. If Plaintiff's counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting documentation within 30 days of the date of this Order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 18, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge