UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 5:11-cv-01163-LHK |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |
| KIM HUNG HO, INDIVIDUALLY and d/b/a THOA CAFÉ, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff J & J Sports Productions, Inc. (Plaintiff) has moved to alter or amend the judgment of this Court against Defendant Kim Hung Ho, individually and dba Thoa Café (Defendant). *See* ECF No. 20 ("Motion"). Having considered Plaintiff's Motion, the Court finds this matter suitable for decision without oral argument, and accordingly VACATES the hearing on this Motion set for May 31, 2012. *See* Civil L. R. 7-1(b). For the reasons set forth below, the Court DENIES Plaintiff's Motion.

**I.   BACKGROUND**

  **A.  Factual Background**

Plaintiff alleges that it owns exclusive commercial distribution rights to the pay-per-view program "'The Event': The Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program" ("Program"), originally telecast nationwide on March 13, 2010. *See* Compl. ¶ 9. On March 3, 2011, Plaintiff filed this action for violation of the Federal Communications Act of

1

1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200. *Id.* ¶¶ 12-17. Based on the allegations contained in its complaint, Plaintiff brought four causes of action against Defendant: (1) violation of 47 U.S.C. § 605, *et seq.*; (2) violation of 47 U.S.C. § 553, *et seq.*; (3) conversion; and (4) violation of California Business and Professions Code § 17200, *et seq*.

### B. Procedural Background

Plaintiff filed its complaint on March 10, 2011. On July 14, 2011, after Defendant failed to respond to the complaint, Plaintiff moved for entry of default against Defendant. ECF No. 10. On July 21, 2011, the Clerk entered default. ECF No. 12.

On September 12, 2011, Plaintiff moved for default judgment. ECF No. 15. On January 18, 2012, the Court entered judgment against Defendant for a total amount of $16,000, consisting of: $2,000 in statutory damages under 47 U.S.C. § 605; $12,000 in enhanced damages under 47 U.S.C. § 605; and $2,000 in compensatory damages for conversion. *See* Order Granting Motion for Default Judgment, ECF No. 17 ("Default Judgment Order" or "Order").

On February 15, 2012, Plaintiff moved to alter or amend the judgment of the Court with respect to the statutory and enhanced damages. ECF No. 20.

## II.   LEGAL STANDARD

This Court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the discretion of the Court. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); s*ee McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *accord McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

Only the second prong is at issue in this case, as Plaintiff does not present any newly discovered evidence and concedes that there has been no change in controlling law. Clear error is

not established by arguing that another court "would have decided the case differently"; instead, it requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted).  Courts grant reconsideration due to clear error "only if the prior decision was 'clearly' wrong." *Bull v. City & Cnty. of S.F.*, 758 F. Supp. 2d 925, 928 (N.D. Cal. 2010) (citing *Leslie Salt v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995)).  "A district court does not commit clear error warranting reconsideration when the question before it is a debatable one." *Morales v. Tingey*, No. C 05-3498 PJH, 2010 U.S. Dist. LEXIS 20776, at *1 (N.D. Cal., Feb. 3, 2010) (citing *McDowell,* 197 F.3d at 1256).

### III.     ANALYSIS

In its motion to alter or amend judgment, Plaintiff argues that the Court committed clear error in awarding insufficient statutory and enhanced damages because (1) other courts have awarded "more significant damages awards . . . under less egregious circumstances," and (2) the Court's award "do[es] not adequately address the policy consideration of deterring future acts of piracy.  Mot. at 3-4.  The Court addresses these arguments first with respect to its statutory damages award of $2,000, and then with respect to its enhanced damages award of $12,000.

#### A. Statutory Damages under Section 605(e)(3)(C)(i)(II)

Under § 605, if the Court determines the Plaintiff is entitled to damages, the amount of those damages is set by what "the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II) (2006); *see also Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000). Plaintiff contends that the Court's statutory damages award of $2,000 is insufficient because "[t]he facts of this case are particularly egregious."  Mot. at 4.  Specifically, Plaintiff points to the fact that the Program was being broadcast on thirteen television screens to between 115 and 125 people, and to the fact that Defendant is a repeat piracy offender.

While 47 U.S.C. § 605(e)(3)(C)(i)(II) (2006) provides for minimum and maximum damages, it does not specify the manner in which the court must calculate statutory damages.  47 U.S.C. § 605(e)(3)(C)(i)(II), (ii).  Accordingly, courts have the discretion to decide "which of the defendants' acts constitutes a violation," and to "determine the number of violations and assess

damages for each violation." *Kingvision Pay-Per-View, Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 513-14 (E.D.N.Y. 2006). As the Court noted its Default Judgment Order, "[a] traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." Order at 2 (citing cases). The Court noted that here, there was no cover charge at the time of the unlawful broadcast. Thus, in light of the absence of evidence of Defendant's profits as a result of the unlawful conduct, the Court exercised its discretion under § 605 to calculate statutory damages based on loss to Plaintiff. Plaintiff's evidence established Plaintiff's loss to be $2,000, the cost of a commercial license for broadcast of the Program based on Thoa Café's 200-person capacity. *See id.* The Court's award of $2,000 in statutory damages thus already accurately accounts for Defendant establishment's full capacity, and any increase in statutory damages based on the number of patrons present during the viewing would simply be duplicate recovery.

Plaintiff's comparisons to the statutory damages awards in two prior cases involving this Defendant, in which incidents involving significantly fewer patrons resulted in proportionately larger awards, does not change the Court's analysis. *See* Mot. at 5. 47 U.S.C. § 605 does not mandate awards proportional to the number of patrons potentially involved, and the $2,000 award is the most accurate estimate of the loss incurred by Plaintiff as a result of this particular violation, based on Plaintiff's evidence. *See* Order at 2-3. As described above, this method of estimating the plaintiff's losses is well within the Court's discretion. While Plaintiff may have preferred the Court employ a different method of calculating damages, Plaintiff has failed to cite any authority establishing that the Court's method of choice was clearly erroneous. Accordingly, the Court denies Plaintiff's request to alter or amend the statutory damages award.

### B. Enhanced Damages under Section 605(e)(3)(C)(i)(II)

Plaintiff next contends that the Court clearly erred in awarding insufficient enhanced damages, pointing to Defendant's history of piracy offenses and a trend among other courts in awarding more significant damages as evidence of the Court's error. Section 605 provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may

4

increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). In this case, the Court found that Defendant's unlawful conduct was, indeed, willful, and further reasoned that, "[i]n light of Defendant's status as a repeat offender, . . . a heightened enhanced award is justified." Order at 4. However, the Court also noted that, at the time of Defendant's unlawful conduct that forms the basis for this suit, only one judgment had thus far been entered against Defendant, and thus Defendant was not on notice of any other enhanced damages awards at the time of the operative misconduct. Taking into account the individual circumstances of this Defendant's history of piracy, as well as the amounts awarded by other courts in this District, the Court found an enhanced damages award of $12,000 to be reasonable. *See id.* at 4-5.

Notwithstanding the Court's decision, Plaintiff argues that the Court's award was "clearly erroneous" because $12,000 is an inadequate penalty to deter Defendant from continuing to commit acts of piracy. Plaintiff cites a case from the Eastern District of New York for the proposition that "the defendant must be held accountable for an amount significant enough to deter [its illegal] conduct." Mot. at 6 (quoting *J&J Sports Prods., Inc. v. Castrillon*, 2009 WL 1033364, at *4 (E.D.N.Y. Apr. 16, 2009)). While the Court appreciates that deterrence of piracy is an important policy goal underlying the Federal Communications Act, Congress unambiguously granted individual courts wide discretion in fashioning enhanced damages awards based on a finding of willfulness. *See* 47 U.S.C. § 605(e)(3)(C)(ii). The Court is not required by statute to increase damages for every act of willfulness. Rather, the plain language of the statute states that the Court "in its discretion *may* increase the award" if it finds willfulness. 47 U.S.C. § 605(e)(3)(C)(ii) (emphasis added). As the Court's discretion to award enhanced damages in this case is derived from the statute, and as the Court remained within its discretion in awarding an enhanced damages award based on Defendant's repeat offenses and the awards of other courts in this District, the Court did not commit clear error as would justify altering or amending the judgment. Plaintiff has failed to cite any authority—much less binding authority—establishing otherwise.

Finally, Plaintiff argues that the Court should have followed other district courts that have awarded more significant, and even maximum, awards. Mot. at 6-8. Plaintiff cites to cases from the Eastern District of California, Southern District of New York, Western District of New York, and Western District of Oklahoma. *See id.* While this Court respects the opinions of its fellow district courts, these decisions are not binding on this Court. *See United States v. Ensminger*, 567 F.3d 587, 591 (9th Cir. 2009) ("'[A] district court opinion does not have binding precedential effect,' especially one from another federal circuit.") (quoting *NASD Dispute Resolution, Inc. v. Jud. Council of Cal.*, 488 F.3d 1076, 1069 (9th Cir. 2007)); *see also McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions."); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008) ("District court decisions . . . create no rule of law binding on other courts."). When the legal authority at issue is only persuasive, and not binding, the Court may exercise its discretion in deciding an issue. Plaintiff itself acknowledges that "Northern District [of California] awards tend to be smaller than those out of the Eastern District." Mot. at 6. That the Court chose to follow its sister courts in the Northern District rather than the select courts identified by Plaintiff does not constitute error, much less error so clear as to necessitate altering or amending the judgment.

A motion under Rule 59(e) "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citations omitted). As the Court has both the discretion to determine the amount of damages within statutory guidelines, and the discretion to choose which persuasive authority to follow, the Court did not commit clear error in declining to award more significant damages or the maximum statutory damages, notwithstanding the decisions of courts in other districts.

Because Plaintiff has failed to identify a clear error by the Court, the Court DENIES Plaintiff's motion to alter or amend the judgment.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to alter or amend the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: May 24, 2012

_____
LUCY H. KOH
United States District Judge